ORIGINAL

FILED
SEP 21 2007
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

CASE NO.

07-686 C

JEM TRANSPORT, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_______________________________________/

## COMPLAINT

Plaintiff, JEM TRANSPORT, INC. ("JEM TRANSPORT"), a Florida Corporation, hereby sues the UNITED STATES OF AMERICA (hereinafter the "Post Office"), and in support thereof state the following:

1. This is an action for damages pursuant to the Contract Disputes Act, 41 U.S.C. §601 *et seq.*, and, particularly, 41 U.S.C. §609, and the Tucker Act, 28 U.S.C. §1491(a). Thus, this Court has jurisdiction.

2. JEM TRANSPORT is a Florida Corporation with its principal place of business in Palm Beach County, Florida. The primary business of JEM TRANSPORT is to operate postal carrier routes as a contractor for the United States Post Office.

3. JEM Transport is an experienced contractor for the Postal Service, having provided excellent services to the Post Office for over thirty years. JEM TRANSPORT has run each contract it has been awarded by the Post Office impeccably: the Company had an A rating when the Post Office used such a rating system and always ran an extremely

high percentage on-time rate (well over 95%). Additionally, JEM Transport has always operated its own Christmas extras (at the contract price), whereas other contractors do not have the capacity to run their own extras, resulting in huge expenses to the Post Office over and above the contract price.

4. On September 22, 2006, the United States of America's Post Office Contracting Officer, Bobby Mays, verbally terminated Contract HCR33434, which had been run by JEM TRANSPORT for over two decades. On September 25, 2006, Mr. Mays sent formal notification of the termination. A copy of this notification is attached as Exhibit A. Per Mr. Mays' request, JEM Transport continued operating the contract until September 30, 2006, during which time JEM Transport continued incurring expenses relating to such operation.

5. Other than a very short time period in 2006, which was caused by extenuating circumstances, JEM TRANSPORT had run HCR33434 impeccably and consistently with the contract terms.

6. During such time period in 2006, JEM TRANSPORT received 5500's from the Post Office on HCR33434. 5500's are issued to contractors for untimely performance. JEM TRANSPORT took varied steps to remedy all performance deficiencies, but suffered constant employee turnover that resulted in additional issues with timeliness. 5500's were also issued because when the Post Office called with a problem, JEM TRANSPORT had an extended response time because the Post Office

did not permit JEM TRANSPORT to park on site at the Post Office location, and thus JEM TRANSPORT would have to send a truck to the Post Office from its main location, incurring an additional 30 minute delay.

7. Upon information and belief, other contractors for the United States Post Office have suffered an equivalent or higher rate of 5500's, or conduct warranting the issuance of 5500's, but have not had their contracts terminated for default. Additionally, Post Office personnel often fail to issue 5500's to contractors, particularly when drivers do not ask for late slips (most contractors' drivers do not ask for late slips because their employers do not pay them for late slips). All JEM TRANSPORT drivers routinely ask for late slips because JEM TRANSPORT pays all late slips as required by the Post Office. Thus, lack of 5500's does not always mean that a contractor performed superior service.

8. Upon information and belief, JEM TRANSPORT's successor, Postal Carrier Corporation, incurred more 5500's than JEM TRANSPORT, even though Mr. Mays awarded this contract to Postal Carrier Corporation at a rate of $132,806.32 per year more than JEM TRANSPORT's terminated contract.

9. The termination of JEM TRANSPORT's contract was unfair, arbitrary, and did not take into consideration all of the circumstances regarding the reasons for the performance issues. It also did not take into

consideration almost three decades of exceptional service rendered to the Post Office.

10. Termination for default is a drastic sanction that should be imposed upon a contractor only for good grounds and on solid evidence. Here, good grounds did not exist for the termination of HCR33434.

11. Most recently, the Contracting Officer has used the default on HCR33434 to justify his failure to award JEM TRANSPORT another contract HCR331M6, even though JEM TRANSPORT was undeniably the lowest bidder on that contract (by over a million dollars over the life of the contract). That issue is on appeal with the United States Ombudsman pursuant to the exhaustion requirements of 39 C.F.R. §601.107-108.

12. In addition, the Contracting Officer withheld funds from JEM TRANSPORT in the amount of $33,091.19, which funds were improperly withheld.

WHEREFORE, JEM TRANSPORT respectfully requests this Court to reverse the default termination on HCR33434, require the United States Post Office to pay damages, pursuant to the contract at issue and the Contract Disputes Act, to JEM TRANSPORT for such termination in the amount of $240,000 in lost profits plus interest pursuant to 41 U.S.C. §611, reimburse JEM TRANSPORT for monies that were improperly deducted from its contract compensation ($33,091.19) plus interest pursuant to 41 U.S.C. §611, award JEM TRANSPORT attorneys' fees and costs for this lawsuit, and award all other relief this Court deems just.

Respectfully Submitted,

ROBYN S. HANKINS, P.L.
Attorneys for Plaintiffs
4600 Military Trail, Suite 217
Jupiter, FL 33458
(561) 721-3890; (561) 721-3889 (fax)
robyn@hankins-law.net
www.hankins-law.net

By: ______________________ 9/20/2007
ROBYN S. HANKINS
FLORIDA BAR NO. 0008699

Manager Transportation Contracts
SOUTHEAST AREA

UNITED STATES
POSTAL SERVICE

September 25, 2006

**Express Mail Number EQ 421632539 US**

JEM TRANSPORT INC
3348 C ROAD
LOXAHATCHEE FL 33470-3869

Enclosed is a copy of Postal Service Form 7440 terminating your right to perform service on HCR 33434, West Palm Beach P&DC FL to Deerfield Beach FL., effective close of business Friday, September 29, 2006.

Your right to perform service on this route is terminated under clause B-69 of the contract, for failure to perform service according to the terms of the contract.

On August 4, 2006, the Administrative Official at West Palm Beach P&DC FL held a formal conference with you, at which time you were notified that you needed to improve service. Also, a Final Request for Service Improvement Letter issued to you by the Administrative Official on August 15, 2006 requesting you to restore and maintain satisfactory service. On September 12, 2006 this office sent to you a Letter of Warning requesting immediate corrective action is taken to restore and maintain satisfactory service on your contract with United Postal Service. In our final warning letter, you were warned that unless satisfactory service was restored immediately of your receipt, and maintained for the remaining contract term that the Postal Service may terminate your contract. During a conversation with you on Friday, September 22, 2206 you acknowledged that you had failed to perform to service standards and also stated that "you believe most of the problems were due to long distance". Satisfactory service has not been maintained as evidenced by the twelve (12) PS Form 5500's issued between (9/13/06 thru 9/22/06). Specifically you defaulted on service on Trips 7 and 8 on September 22, 2006. You have previously defaulted on service on the following occasions:

Tuesday, August 8, 2006, Trip 13
Saturday, August 12, 2006, Trip 23
Tuesday, August 15, 2006, Trip 1
Saturday, September 2, 2006, Trip 9

225 N HUMPHREYS BLVD SUITE 4126
MEMPHIS TN 38166-7071
PHONE (901) 747-7337
FAX 901-747-7420

PENGAD-Bayonne, N. J.
PETITIONER'S EXHIBIT
A

These defaulted trips impair the Postal Service's ability to process and deliver mail to our customers.

I am terminating your contract for default. Please be advised that you may be held liable for any excess reprocurement costs incurred by the Postal Service as a result of your default.

This is the final decision of the contracting officer pursuant to the Contract Disputes Act of 1978 and the clause of your contract entitled Claims and Disputes. You may appeal this decision to the Postal Services Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the contract by number, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States Court of Federal Claims within 12 months from the date you receive this decision.

You should address any comments, questions or concerns about this action to Joann Harrell at (901) 747-7337.

Sincerely,

Bobby L Mays, Manager
Transportation Contracts

Enclosure

Cc: Kathy Gload, Transportation Manger, West Palm Beach P & DC FL

UNITED STATES POSTAL SERVICE

# CONTRACT ROUTE SERVICE ORDER

1. CONTRACT RATE
OLD: NO
NEW: CHANGE

| 2. CONTRACT NO. | 3. BEGIN CONTRACT TERM | 4. END CONTRACT TERM |
|---|---|---|
| 33434 | 07/01/2006 | 09/29/2006 |

| 5. FOR MAIL SERVICE IN OR BETWEEN | CITY & STATE | CITY & STATE |
|---|---|---|
| | WEST PALM BEACH P&DC, FL | DEERFIELD BEACH, FL |

6. NAME AND ADDRESS OF SUPPLIER

JEM TRANSPORT INC
3348 C ROAD
LOXAHATCHEE FL 33470-3869

7. THIS SPACE FOR ASC USE ONLY

8. THE FOLLOWING ORDER IS HEREBY ISSUED

TERMINATION FOR DEFAULT - SUSPEND FUNDS

Effective close of business 09/29/2006, this contract is terminated under the Termination For Default clause. Suspend all pay until subsequent order directs release of funds.

Service is protected by HCR 334L7.

9. SIGNATURE OF CONTRACTING OFFICER

11. TITLE OF CONTRACTING OFFICER
TRANSPORTATION CONTRACTS

12. ADDRESS OF CONTRACTING OFFICER
SOUTHEAST DNO
225 N HUMPHREYS BLVD STE 4126
MEMPHIS TN 38166-7071

10. DISTRIBUTION
1 - Contracting Officer
2 - Accounting Service Center
3 - Administrative Official
4 - Supplier
5 - P&DC/F
6 - Customer Service District
7 - En Route Offices

| 13a. DATE ORDERED | b. ORDER NO. | c. ROUTE ORDER NO. | d. BUDGET ACCOUNT NO. | e. FINANCE NO. |
|---|---|---|---|---|
| 25 Sep 06 | 300-12744-06 | 5 | 53601 | 11-9466 |

PS Form 7440
September 2001

# PS FORM 7440 - CONTINUATION SHEET

CONTRACT NO. 33434 WEST PALM BEACH P&DC, FL TO DEERFIELD BEACH, FL

EFFECTIVE DATE 09/29/2006 ORDER NO. 300-12744-06

SPECIAL RATE INFORMATION

| COST SEG | DESCRIPTION | BEGIN DATE | END DATE | OLD SPECIAL RATE | NEW SPECIAL RATE | FINANCE NUMBER | BUDGET ACCOUNT NUMBER |
|---|---|---|---|---|---|---|---|
| A | LATE SLIP - HIRED DRIVER RATE | 07/01/2006 | 09/29/2006 | 27.06890 | $27.06890 | 11-9466 | 53138 |