**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **JEM TRANSPORT, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 07-686C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties, plaintiff, JEM Transport, Inc. ("JEM Transport"), and defendant, the United States, respectfully submit the following joint preliminary status report. For those subjects on which the parties do not agree, the parties submit their respective positions.

a. Jurisdiction

Plaintiff indicates that this Court has jurisdiction to consider and decide this action pursuant to the Contract Disputes Act, 41 U.S.C. § 601 *et seq*, 41 U.S.C. § 609, and the Tucker Act, 28 U.S.C. § 1491(a). Defendant is not aware of a basis upon which to challenge jurisdiction at this time.

b. Consolidation

At the present time, the parties agree that this case should not be consolidated with any other case.

c. Bifurcation

Assuming the case proceeds to trial, the parties are not presently aware of any reason why this case should be bifurcated.

d. <u>Deferral</u>

At the present time, the parties are not aware of any reason why this case should be deferred.

e. <u>Remand/Suspension</u>

The parties do not request that this action be remanded or suspended at this time.

f. <u>Joinder</u>

Neither party seeks to join additional parties at this time.

g. <u>Dispositive Motions</u>

One or both parties may move for summary judgment pursuant to RCFC 56.

h. <u>Relevant Factual And Legal Issues</u>

Based upon a preliminary review of the case, the relevant issues are as follows:

For the plaintiff: JEM Transport is a contractor for the United States Postal Service ("USPS") and has been a contractor for the USPS for thirty years. Up until recently, it had a very good track record of providing exemplary service to the USPS on contracts that it was awarded, and engaged in business with the USPS pursuant to several contracts. JEM Transport has consistently provided superior value to the USPS on each of its contracts. For a short period of time in 2006, JEM Transport suffered staffing and equipment issues that caused it to suffer diminished performance on one of its contracts, 33434. JEM Transport has reason to believe that other contractors suffered from similar or more prevalent performance deficiencies, but such deficiencies were overlooked by Post Office personnel and the Contracting Officer. In addition, the same contracting officer responsible for terminating JEM Transport's contract has taken steps to exclude JEM Transport from bidding on USPS contracts and has rejected JEM Transport's

bids, even though such bid clearly represented the best value to the USPS. After lengthy challenge, the USPS Ombudsman, the final hearing officer on such challenges, determined that the Contracting Officer acted in an arbitrary and capricious manner in rejecting JEM Transport's bid.

The termination of JEM TRANSPORT's contract was unfair, arbitrary, and did not take into consideration all of the circumstances regarding the reasons for the performance issues. It also did not take into consideration almost three decades of exceptional service rendered to the Post Office. Termination for default is a drastic sanction that should be imposed upon a contractor only for good grounds and on solid evidence. Here, good grounds did not exist for the termination of HCR33434. Jem Transport seeks damages pursuant to the Contract Disputes Act, 41 U.S.C. §601 et seq., and, particularly, 41 U.S.C. §609, and the Tucker Act, 28 U.S.C. §1491(a).

For the defendant: The Government contends, and plaintiff appears to concede, that plaintiff did not perform in accordance with the terms of the contract at issue in this case, HCR33434. In fact, JEM Transport's numerous and well-documented service irregularities demonstrate its failure to meet the contract schedule, constituting an event of default, for which JEM Transport could be terminated. The Government further contends that JEM Transport's failure to perform was not excusable under the terms of the contract. Consequently, the contracting officer's decision to terminate JEM Transport's contract for default was reasonable, supported by good grounds and solid evidence, and not arbitrary, capricious or an abuse of discretion. The Government further contends that the assessed reprocurement costs of $33,091.19 were reasonable because the reprocured services were the same as or similar to those

involved in the termination; the Government actually incurred the excess costs; and the Government acted reasonably to minimize the excess costs resulting from the default.

i. Settlement

The parties will continue to consider the possibility of settlement of this matter as discovery progresses.

j. Trial

As outlined above, one or both of the parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. For the convenience of the plaintiff and other witnesses, the parties respectfully request that any trial, if necessary, be held in South Florida.

k. Electronic Case Management

At this time, the parties do not anticipate any special issues regarding electronic case management needs.

l. Additional Information

The parties are not aware of any additional information of which the Court should be aware at this time.

Proposed Discovery Schedule:

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for the production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following schedule:

Exchange of Initial Disclosures: July 14, 2008

| | |
|---|---|
| Conclusion of Discovery: | November 17, 2008 |
| Deadline for Dispositive Motions: | January 26, 2009 |
| Available for Trial: | March 30, 2009 |

Respectfully submitted,

ROBYN S. HANKINS
4600 Military Trail
Suite 217
Jupiter, FL 33458
Tele: (561) 721-3890
Fax: (561) 721-3889

Attorney for the plaintiff

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Courtney E. Sheehan
COURTNEY E. SHEEHAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7995
Fax: (202) 514-8624

Attorneys for the defendant

Dated: April 17, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 17th day of April, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Courtney E. Sheehan